Curtis S. THOMPSON, Plaintiff–Appellant,

v.

Robert SHILLING, Detective, Seattle Police Department; et al., Defendants–Appellees.

No. 06–35264.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007 *.

Filed March 1, 2007.

Curtis S. Thompson, Seattle, WA, pro se.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Curtis S. Thompson, a Washington state prisoner, appeals from the district court's judgment in his 42 U.S.C. § 1983 action alleging that his constitutional rights were violated when he was referred to civil commitment proceedings under the Washington Community Protection Act ("the Act"), and his personal information was released

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

to the public. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim under the screening provisions of 28 U.S.C. § 1915(e)(2)(B)(ii), *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order), and we affirm.

Thompson failed to state a federal claim against defendants Werner and Paulsen because they were acting in their capacity as Thompson's attorneys at the time they allegedly violated his constitutional rights. *See Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding").

To the extent Thompson challenges the validity of his civil commitment proceedings under the Act, and the public release of his conviction and sex offender status, these claims are foreclosed by prior court decisions upholding various portions of the Act as constitutional. *See Seling v. Young*, 531 U.S. 250, 263, 121 S.Ct. 727, 148 L.Ed.2d 734 (2001); *Russell v. Gregoire*, 124 F.3d 1079, 1089–94 (9th Cir.1997) (registration and notification provisions of the Act do not violate the Ex Post Facto clause, the right to privacy, or due process).

We deny Thompson's request for appointment of counsel because he has not shown exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991).

Thompson's remaining contentions lack merit.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Thompson's pending motion is denied as moot.

**AFFIRMED.**